FILED
United States Court of Appeals
Tenth Circuit

July 5, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILBUR HERNANDEZ-ODILIO,
a/k/a Martin Lucero Rodriguez,
a/k/a Wilber Hernandez, a/k/a Wilbur
Rodriguez, a/k/a Jonathan Lucero,
a/k/a Jonathan Lucero-Guillen,
a/k/a Willy, a/k/a Chapparo,

Defendant-Appellant.

No. 11-3148
(D.C. No. 6:09-CR-10132-EFM-22)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

After entering into a plea agreement that included an appeal waiver,

Wilber Hernandez-Odilio pleaded guilty to conspiracy to distribute

methamphetamine, unlawful use of a communications facility, and interstate

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral
argument.  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

transportation in aid of racketeering, in violation of 21 U.S.C. §§ 841, 843, and 846 and 18 U.S.C. § 1952. The district court sentenced him to 108 months of imprisonment, well below the low end of the advisory guidelines range of 210 to 262 months. When he appealed, the United States moved to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, in evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Mr. Hernandez-Odilio contends his appeal does not fall within the scope of the appeal waiver. Because he does not challenge the knowing-and-voluntary and miscarriage-of-justice factors, we need not consider them. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

The appeal waiver in Mr. Hernandez-Odilio's agreement is quite broad:

> The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. . . . In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs

upwards from the applicable sentencing guideline range determined by the court.

Plea Agt. at 10. Mr. Hernandez-Odilio argues that this provision is ambiguous, applying to within-Guidelines sentences in one clause and to all sentences except upwards departures in another. Focusing on the provision that he "waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court," he asserts that because the court sentenced him to a *below*-Guidelines sentence, his appeal is outside the scope of the waiver.

Many waivers explicitly state that the defendant waives an appeal of a below-Guidelines sentence as well an appeal of a within-Guidelines sentence. *See, e.g., United States v. Polly*, 630 F.3d 991, 1002 (10th Cir. 2011). Nevertheless, the omission does not make this waiver unenforceable. The first sentence of the waiver broadly provides, "[t]he defendant knowingly and voluntarily waives any right to appeal or collaterally attack *any matter in connection with* this prosecution, the defendant's conviction, or *the components of the sentence* to be imposed herein." *Id.* at 10 (emphasis added). While the portion of the waiver first specifically addressing appeals only refers to within-Guidelines sentences, the waiver then states it is intended to include all sentences that are not the result of an upwards departure by the court. This provision encompasses below-Guidelines sentences as well as within-Guidelines sentences.

Our conclusion that this appeal is within the scope of this waiver is reinforced by the discussion in Mr. Hernandez-Odilio's plea hearing, in which the district court focused on the upwards-departure aspect of the waiver:

> THE COURT: All right. Under paragraph 13 you talk about -- or we talk about how you have certain rights by law to appeal. You can file an appeal regarding the prosecution of you in this case or your conviction or the sentence you receive, but under paragraph 13 you say that you're voluntarily waiving those appeal rights and waiving your rights to appeal, and unless I give you a sentence higher than what the guideline sentence calculates or the United States files its own appeal, unless those events happen you're waiving all of the rights to appeal you have in this case. Is that correct?
>
> THE DEFENDANT (via interpreter): Yes.

Tr. Plea Hearing at 19-20. Thus, Mr. Hernandez-Odilio explicitly was made aware that his waiver would cover all challenges to a sentence that was not the result of an upwards departure by the court.

Mr. Hernandez-Odilio's appeal is a challenge to the imprisonment component of his sentence. Although he did not receive a within-Guidelines sentence, his sentence was not the result of an upwards departure. Therefore, it falls within the scope of the appeal waiver. The motion to enforce the appeal waiver is GRANTED, and this appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM